United States District Court
Southern District of Texas
**ENTERED**
September 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VICKI SALMERON N/K/A VICKI CAUM, | § § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00190 |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Defendant's Motion for Summary Judgment and Brief in Support ("Motion for Summary Judgment"). *See* Dkt. 13. Having considered the motion, responsive briefing, and applicable law, I **RECOMMEND** that the Motion for Summary Judgment be **GRANTED.**

## BACKGROUND

On October 14, 1999, Plaintiff Vicki Salmeron n/k/a Vicki Caum ("Salmeron") obtained a home equity loan in the amount of $104,800.00 ("Loan"). The Loan was ultimately assigned to Deutsche Bank Trust Company Americas ("Deutsche Bank"). According to Deutsche Bank, Salmeron failed to remit the installment payment due for July 1, 2016, and all the installments that became due after that date. Although not important for the purpose of resolving the pending Motion for Summary Judgment,

Salmeron contends that she cured her default once she became aware that her payments were overdue.

On November 18, 2016, Deutsche Bank sent, via first-class and certified mail to Salmeron's home address, a notice of default in the amount of $10,374.70, informing Salmeron that Deutsche Bank intended to accelerate the Loan if payment was not received within 30 days. Deutsche Bank claims that when it did not receive any payments, it sent Salmeron, via first-class and certified mail to her home address, notice of acceleration of the Loan's maturity date.

On February 24, 2017, Deutsche Bank initiated foreclosure proceedings by filing an Application for an Expedited Order Under Rule 736 on a Home Equity Loan ("Application") in the 412th Judicial District Court, Brazoria County, Texas ("Foreclosure Action"). The Brazoria County District Clerk sent the citations and Application to Salmeron's home address via first-class and certified mail. Deutsche Bank then filed the citations sent to Salmeron's address with the state court and represented to the state court that Salmeron had been properly served with the Application.

When Salmeron did not file a response to Deutsche Bank's Application, Deutsche Bank filed a Motion for Default Order, requesting that the state court sign a foreclosure order. The District Clerk subsequently entered a Default Order. After receiving notice of the scheduled foreclosure sale, Salmeron initiated this lawsuit to avoid foreclosure.

Salmeron's lawsuit alleges one cause of action against Deutsche Bank: a common law fraud claim. The sole basis of Salmeron's fraud claim is that Deutsche Bank

2

allegedly made material misrepresentations to the state court in the Foreclosure Action. Specifically, Salmeron alleges that Deutsche Bank represented to the state court that Salmeron was served with the Application when no service was made.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact does not exist unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (citation omitted). "The moving party . . . bears the initial responsibility of informing the district court of the basis for its motion." *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (internal quotation marks and citation omitted). If the burden of production at trial "ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310–11 (5th Cir. 2017). Once a party "meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon*, 808 F.3d at 270 (internal quotation marks and citation omitted). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. [It] must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (internal quotation marks and citations omitted). "In deciding whether a

3

fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party." *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 414 (5th Cir. 2018) (internal quotation marks and citation omitted).

## DISCUSSION

The elements of fraud in Texas are: (1) a misrepresentation was made; (2) the misrepresentation was material; (3) when the misrepresentation was made, the defendant knew it was false or made it recklessly as a positive assertion without any knowledge of its truth; (4) the defendant made the representation with intent that plaintiff rely upon it; (5) plaintiff actually and justifiably relied on the representation; and (6) the representation caused plaintiff damages. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983). Salmeron must produce sufficient evidence "to establish a genuine issue of fact on every essential element of the claim of fraud." *Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153, 155 (S.D. Miss. 1988).

Deutsche Bank contends that Salmeron has not met her burden to raise a genuine issue of material fact concerning element 1 (Deutsche Bank's representation to the state court was false); element 5 (Salmeron actually and justifiably relied on Deutsche Bank's representation); and element 6 (the representation caused Salmeron damages).[1]

---

[1] Deutsche Bank also contends that an element of fraud requires the representation to be made directly to the plaintiff. However, there is no such requirement under Texas law. To the contrary, the Texas Supreme Court has unmistakably held that a defendant may be liable for fraud if the defendant makes a misrepresentation to a third party with the intent that it be conveyed to the plaintiff or induce reliance by the plaintiff. *See Ernst & Young*, 51 S.W.3d at 578.

4

A.     **ELEMENT 1 - TRUTH OR FALSITY OF DEUTSCHE BANK'S REPRESENTATION**

To establish fraud, Salmeron must first demonstrate that Deutsche Bank made a misrepresentation. The alleged misrepresentation here is that Deutsche Bank falsely informed the state court that Salmeron had been served with the Application. As discussed below, the summary judgment evidence establishes that Deutsche Bank made no misrepresentation.

The Texas Rules of Civil Procedure requires "[t]he clerk of the court [to] serve each citation, with a copy of the [A]pplication attached, by both first class mail and certified mail . . . to the respondent's last known address." TEX. R. CIV. P. 736.3(b)(1). The Texas Property Code also requires notice of a foreclosure sale to be served "on each debtor who . . . is obligated to pay the debt." TEX. PROP. CODE § 51.002(b)(3). "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). As a legal matter, it does not matter whether the debtor actually receives the notice. *See Bittinger v. Wells Fargo Bank, N.A.*, No. H-10-1745, 2011 WL 5415664, at *9 (S.D. Tex. Nov. 8, 2011) ("Notice to the debtor is satisfied so long as the notice is deposited for delivery to the debtor's last known address via certified mail").

It is uncontroverted that on February 27, 2017, the Brazoria County District Clerk placed a copy of the citation and Application, properly addressed to Salmeron's last known address, in the custody of the U.S. Postal Service to be sent by certified mail. Once the citation and Application were deposited into the mail, service was complete.

5

Since Salmeron was properly served, Deutsche Bank's representation that Salmeron had been served with the Application was not false. Salmeron has not raised a genuine issue of material fact as to one of the essential elements of her fraud claim. Therefore, Deutsche Bank is entitled to judgment as a matter of law.

### B. ELEMENT 5 - SALMERON'S LACK OF RELIANCE ON DEUTSCHE BANK'S ALLEGED MISREPRESENTATION

Salmeron has also not presented any evidence that she relied on Deutsche Bank's alleged misrepresentation. To be actionable, a misrepresentation must have been a material factor in "induc[ing] the plaintiff to take a particular course of action." *Coffel v. Stryker Corp.*, 284 F.3d 625, 636 (5th Cir. 2002) (citations omitted). Reliance is usually a question of fact for the jury, but it "can be negated as a matter of law" when there is no evidence of reliance. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 474 (5th Cir. 2018).

Even if it were true that Deutsche Bank made a misrepresentation to the state court, Salmeron still has the burden to present more than a scintilla of evidence that she relied on the misrepresentation. *See Watson*, 686 F. Supp. at 155. She provides no summary judgment evidence that she acted in reliance on Deutsche Bank's purported misrepresentation. Thus, Salmeron has failed to raise a genuine issue of material fact on the reliance element. Deutsche Bank is entitled to judgment as a matter of law.

### C. ELEMENT 6 - SALMERON'S LACK OF DAMAGES

Finally, Salmeron has presented no evidence that Deutsche Bank's alleged misrepresentation caused her any damages. "To recover for fraud, the plaintiff must

plead and prove that a *pecuniary loss* was suffered as a result of reliance upon a false representation." *Coffel*, 284 F.3d at 637 (citing *DiGrazia v. Atl. Mut. Ins. Co.*, 944 S.W.2d 731, 735 (Tex. App.—Texarkana 1997, no writ)). In her summary judgment response, Salmeron blithely asserts that her damages "include, but are not limited to, all litigation costs, interest on the unpaid principal balance of the [L]oan since the filing of this lawsuit, and damage to" her credit. Dkt. 16 at 4. Putting aside the fact that these alleged damages do not really make sense in the context of this lawsuit, there is no competent summary judgment evidence that creates a genuine issue of material fact on these alleged damages. Stating in a response that you have suffered harm is not enough. *See, e.g., Collins v. Jackson Pub. Sch. Dist.*, 609 F. App'x 792, 795 (5th Cir. 2015) ("Arguments in briefs, like allegations in a complaint, are assertions, not [summary judgment] evidence."). Because Salmeron has failed to meet her summary judgment burden on the damage element, Deutsche Bank is entitled to judgment as a matter of law.

## CONCLUSION

Salmeron has failed to produce any evidence as to three of the essential elements of her fraud claim. Thus, I **RECOMMEND** that Deutsche Bank's Motion for Summary Judgment be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 18th day of September, 2019.

                                              ANDREW M. EDISON
                                    UNITED STATES MAGISTRATE JUDGE